**EXHIBIT "A"**

IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

**FILED**

**2011 FEB 16 P 2: 27**

~~SUPE~~RIOR COURT
~~DEKALB~~ COUNTY GA

| | | |
|---|---|---|
| PEARLINE AND DAVID MILLER, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) | |
| | ) | 11cv21066-2 |
| V. | ) | |
| | ) | |
| DIXIE HOME CRAFTERS, | ) | |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| WELLS FARGO FINANCIAL | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiffs in the above-styled case, by and through undersigned counsel, Plaintiffs states to the Court:

1.

Plaintiffs are individual residents of DeKalb County, with residence at 3840 Tawny Birch Court Decatur, Georgia 30034.

2.

Defendant, Dixie Home Crafters is a company doing business in the State of Georgia. Defendant's corporate office is located at 3690 North Peachtree Road Suite 100, Chamblee, Georgia 30341.

3.

Defendant, Wells Fargo Financial is a financial institution doing business in the State of Georgia. Defendant's corporate office is located at 800 Walnut Street, Des Moines, Iowa 50309.

## FACTS

### 4.

On April 10, 2009 the Plaintiffs entered into an agreement with Defendant, Dixie Home Crafters to replace residential windows in their home.

### 5.

The Defendant agreed to remove and replace twenty-four (24) windows and remove and replace soft or rotten wood.

### 6.

The Plaintiffs agreed to finance the project in the amount of $24,457.00 with the Defendant Dixie Home Crafter's Finance Company but stated they would need to know the financial company's name and interest rate before agreeing.

### 7.

The Defendant Dixie Home Crafters did not contact the Plaintiffs prior to starting the work to inform them of the financial company's name or interest rate.

### 8.

Instead, Defendant Dixie Home Crafters submitted the finance application to their financial company, Defendant Wells Fargo Financial without the Plaintiffs' knowledge and with forged signatures, which is a crime.

### 9

On numerous occasions the Plaintiffs called and wrote letters inquiring as to the financing of the project.

### 10.

The Plaintiffs were finally told that their renovation project had been financed with Defendant Wells Fargo Financial.

11.

The Plaintiffs contacted Defendant Wells Fargo Finance to inquire about how the project was financed with their company when they had not signed application paperwork, as well as, what was the interest rate and monthly payment.

12.

The Plaintiff's further discovered that an account had been open with Defendant Wells Fargo in each of their names instead of one account. Plaintiff Pearline Miller had account opened in the amount of $11,987.00. Plaintiff David Miller had an account opened in the amount of $12,500.00.

13.

On June 22, 2010, the Plaintiff wrote a letter to Defendant Wells Fargo Financial disputing the way the accounts were handled and the payment amount.

14.

On June 23, 2010, the Plaintiff's received a written response from Defendant Well Fargo Financial stating that:

> Terms on your account are correct as being billed.

> Other: Please see enclosed signed charge slip showing that you agreed to the terms on

> your account.

15.

On June 24, 2010, the Plaintiff's received a second written response from Defendant Well Fargo Financial stating that:

The disputed charge was charged to your account correctly for merchandise purchased. Documentation is enclosed.

Other: As both you and David signed separate charge slips we placed these charges on your account respectively.

16.

In the process of trying to resolve and dispute the issue of the accounts being opened without their consent or knowledge, furthermore, not knowing who to make a payment to, the Plaintiffs did not make a payment.

17.

Defendant Wells Fargo Financial placed a Potentially Negative Inquiry on each other the Plaintiffs' credit reports.

18.

Because Defendant Wells Fargo Financial placed the Potentially Negative Inquiry on each of the Plaintiff's credit reports that have been financially harmed.

19.

In order for the Plaintiffs to avoid further harm on their credit report they had to withdraw monies from their saving account and retirement account in order to pay Defendant Wells Fargo Financial.

20.

To date, Plaintiffs have paid Defendant Wells Fargo Financial $24,457.00.

21.

Plaintiffs were harmed by a continuing adverse reporting of their reporting by Wells Fargo.

## I.

## BREACH OF CONTRACT

### 22.

Plaintiffs re-alleges paragraphs 1 through 21 in their entirety, and incorporates the same as if alleged in full.

### 23.

Pursuant to their remodeling contract, Defendant Dixie Home Crafters agreed to replace twenty-four (24) windows and remove and replace soft or rotten wood.

### 24.

Defendant failed to inform Plaintiff of the financing company and interest rate.

### 25.

Defendant Dixie Home Crafter failure to inform Plaintiffs of the financing company and interest rate constitutes a breach of that contract.

### 26.

Defendant Dixie Home Crafter submitting an unauthorized and forged financial application to Defendant Wells Fargo Financial constitutes forgery and fraud.

### 27.

As a result of Defendants' breach of contract, forgery and fraud, Plaintiffs have been damaged by an adverse reporting by Wells Fargo on their Credit report in addition to attorneys' fees.

## II.

## FRAUD

28.

Plaintiff realleges paragraphs 1 through 30 in their entirety, and incorporates the same as if alleged in full.

29.

Defendant Dixie Home Crafters represented to Plaintiffs that the financing options would be discussed with them prior to any work being completed.

30.

Subsequent events led Plaintiffs to conclude, on information and belief, that that representation was false. Defendant did not discuss the financing options available and were not forthcoming with the information when the Plaintiffs inquired.  This set of circumstances leads Plaintiff to the good faith belief that Defendant misrepresented some or all of the facts concerning the sale.

31.

Those representations were falsely made, and material to Plaintiff's decision to employee Defendant Dixie Home Crafter as their window remodeling contractor.

32.

The representations above were susceptible of knowledge by Defendant Dixie Home Crafters, and Defendant Dixie Home Crafters knew their representations were false when made.

33.

Defendant Dixie Home Crafters intended the representations to be relied on by Plaintiffs in deciding to replace the windows in their home.

34.

Plaintiffs were, in fact, induced by the representations to allow Defendant Dixie Home Crafters to replace windows in their residence. Plaintiffs' action in allowing Defendant Dixie Home Crafters to replace the windows in their residence was in reliance on the representations, and as a result of the representations, Plaintiff suffered damage.

35.

Defendant Dixie Home Crafters' misrepresentations have caused Plaintiff damages to their credit rating which has resulted in higher interests rates and denial of credit from other finance companies.

## III.

## ACCOUNTING

36.

Plaintiffs re-allege paragraphs 1 through 38 in their entirety, and incorporates the same as if alleged in full.

37.

Despite demand, Defendant Dixie Home Crafters failed and refused to provide Plaintiffs with any documentation regarding the financing of the window remodeling project.

38.

As Plaintiffs' agent, Defendant has a duty to provide such documentation.

39.

Plaintiffs seek a Court Order, commanding Defendant to give Plaintiffs an accounting of all information and documentation concerning the financing of the window remodel project.

WHEREFORE, Plaintiff demands judgment against Defendants Dixie Home Crafters and Well Fargo Financial.  Plaintiffs pray that both Defendants investigate the forgery of the documents alleged by the defendants, that Wells Fargo retracts the negative credit rating reported by their company, that punitive damages be assessed, that the Plaintiffs be awarded any amounts expended in investigating the disputed matters, accrued to the date of trial, an accounting, reimbursements for all costs and disbursements herein, including attorneys' fees, and accrued interest thereon.

Dated: This the 28th day of Jan, 2011.


Terri Herron, Esq.
Attorney for Plaintiffs
Georgia State Bar No. 305043

Law Office of Terri Herron, LLC
470 E Paces Ferry Rd NE
Atlanta, GA 30305
404-550-8695 office
678-264-2224 Fax

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the Complaint upon Dixie Home Crafters and Well Fargo Financial, by depositing a copy of same in the United States Mail, First Class postage prepaid:

Dixie Home Crafters
3690 North Peachtree Road
Suite 100
Chamblee, Georgia 30341.


Wells Fargo Financial
800 Walnut Street
Des Moines, Iowa 50309

This 28th day of Jan 2010.

Terri Herron, Esq.
Attorney for Defendant
Georgia State Bar No. 305043


Law Office of Terri Herron, LLC
470 E Paces Ferry Rd NE
Atlanta, GA 30305
404-550-8695 office
678-264-2224 Fax

31533

Civil Action No. _____

Date Filed _____

Superior Court ☑
State Court ☐
Georgia, DeKalb County

PEARLINE ANN DAVID MILLER

**Plaintiff**

Attorney's Address:

[ LAW OFFICE OF TERRI HERRON ]
470 E PACES FERRY RD. NE
ATLANTA GA 30305

VS.

WELLS FARGO FINANCIAL

Name and Address of Party to be Served

WELLS FARGO FINANCIAL
40 TECHNOLOGY PKWY S 300
ATLANTA, GA 30092
1(404)-106-5

**Defendant**

**Garnishee**

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** 
Served the defendant _____ WELLS FARGO FINANCIAL _____ a corporation
by leaving a copy of the within action and summons with _____ ALISHA SMITH (MGR Agent) _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _25_ day of _Feb_, 20_11_

$7.05

DEPUTY
DEREK S JENKINS

SHERIFF DOCKET _____ PAGE _____